ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| MECH TECH COLLEGE LLC<br>Apelantes<br><br>v.<br><br>CHUBB INSURANCE COMPANY OF PR<br><br>Apelados | KLAN202400207 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2022CV00231<br>Sobre: Pleito de Clase; Incumplimiento de Contrato; y Daños y Perjuicios |
| --- | --- | --- |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Alvarez Esnard y la Jueza Díaz Rivera.

Días Rivera, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 16 de abril de 2024.

Recurre ante nos Mech Tech College, Inc. (Mech Tech o Apelante) mediante recurso de Apelación presentado el 4 de marzo de 2024 y pide la revocación de una *Sentencia* dictada y notificada el 26 de febrero de 2024 por el Tribunal de Primera Instancia (TPI o foro primario), Sala Superior de San Juan. Mediante dicho dictamen el foro primario desestimó una *Demanda Sobre Sentencia Declaratoria* que solicitaba un dictamen aclarando la cubierta de una póliza de seguros, por entender que la mesada al amparo de la *Ley Sobre Despidos Injustificados, infra,* equivale al beneficio de "severance pay", excluido de la cubierta de la póliza.

Por los fundamentos que expondremos a continuación, *confirmamos* la *Sentencia* apelada.

**I.**

El 31 de diciembre de 2012, Ace Insurance Company, hoy Chubb Insurance Company (Chubb o aseguradora) emitió una póliza de seguro de Responsabilidad Legal de Educadores a favor de

Mech Tech que contenía una cubierta de responsabilidad por prácticas de patronos, incluyendo despidos injustificados.

La Póliza Núm. DO2862/EO4188, con efectividad de 31 de diciembre de 2012 al 31 de diciembre de 2013 expone, en lo pertinente, lo siguiente:

I.      DEFINITIONS

L. Damages means any compensatory damages, judgments, award of prejudgment and post-judgment interest and settlements which the Insured becomes legally obligated to pay on account of any Claim first made against an Insured during the Policy Period or, if elected, the Extended Reporting Period, for Wrongful Acts to which this Policy applies.

**Damages shall not include:**
…
5. if such Damages constitute:
…

b. employment-related benefits, stock options, retirement benefits, perquisites, vacation and sick days, deferred compensation, deferred cash incentive compensation, bonus compensation, overtime pay**, severance pay, or any other type of similar benefits**;

El 6 de junio de 2013, cuatro alegados empleados de Mech Tech instaron una reclamación contra Mech Tech por despido injustificado bajo la *Ley Sobre Despidos Injustificados*, Ley Núm. 80 de 30 de mayo de 1976, según enmendada, 29 LPRA sec. 185a *et seq.* (Ley Núm. 80-1976). Alegaron represalias, discrimen por razón de edad, y, además, reclamaron las horas, salarios, vacaciones y días de enfermedad que alegadamente dejaron de devengar.[1]

El 14 de enero de 2014 la aseguradora envió una carta a través de su corredor de seguros en la cual indicó que su póliza excluye cualquier reclamación por concepto de indemnización por "severance pay", y en una comunicación posterior esclareció que el

---

[1] Félix Hernández Nuñez v. Mech Tech College, LLC, Civil Núm. E PE2013- 01119 (702). Ap., págs. 77-92. El juicio correspondiente al caso culminó el 4 de octubre de 2023, pero hasta el día de la presentación del recurso de apelación, el foro primario no ha dictado sentencia.

término "severance pay" excluye la mesada al amparo de la Ley Núm. 80-1976. En respuesta, Mech Tech solicitó en dos ocasiones que la aseguradora reconsiderara su decisión,[2] sin embargo, Chubb reiteró su determinación mediante carta del 20 de marzo de 2019.[3]

El día 13 de febrero de 2022, Mech Tech radicó *Demanda Sobre Sentencia Declaratoria*, al amparo de la Regla 59 de las de Procedimiento Civil. 32 L.P.R.A. Ap. y, R. 59, para que se interpretaran los términos, cláusulas y condiciones de la póliza. Esto, con el fin de que se decretara que la póliza cubría la mesada al amparo de la Ley Núm. 80-1976, pues entendía la Apelante que la mesada era un concepto distinto al "severance pay".

Luego de varios trámites procesales, el TPI dictó *Sentencia* el 26 de febrero de 2024 declarando *No Ha Lugar* la *Demanda Sobre Sentencia Declaratoria* y desestimando el caso con perjuicio. El foro primario decretó que en nuestro ordenamiento jurídico claramente la mesada bajo la Ley Núm. 80-1976 es un tipo de "severance pay" pues este último es un concepto amplio que comprende varias medidas de compensación por separación de empleo. Para fundamentar su decisión, el TPI hizo las siguientes conclusiones: (1) las definiciones de diccionarios como "Black's Law Dictionary" y "West's Tax Law Dictionary" coinciden que "severance pay" es una compensación por despido; (2) el Artículo 1 de la Ley Núm. 80-1976, 29 LPRA sec. 185a., utiliza el término "por concepto de indemnización"; (3) nuestra jurisprudencia define la mesada como una indemnización, según *Feliciano v. Luxury Hotels International of Puerto Rico.*, 210 DPR 712,723 (2022); (4) nuestro Tribunal Supremo ha acreditado la indemnización por cesantía a la indemnización correspondiente a la mesada, en *Vélez Cortes v. Baxter*, 179 D.P.R. 455, 470–71 (2010); y (5) finalmente, que la versión en inglés de la

---

[2] Carta del 30 de enero de 2019, Exhibit 3 de la *Demanda*; Carta del 20 de febrero de 2019, exhibit 4 de la *Demanda.*
[3] 20 de marzo de 2019, Ap. Págs. 99-103 del recurso de apelación.

Ley Núm. 80-1976 traduce mesada a "severance pay". *Puerto Rico Discharge Without Just Cause Act*, Act. No. 80 of May, 1976, as amended.

Inconforme, recurre ante *nos* mediante su *Recurso de Apelación* y alega la comisión del siguiente error:

**PRIMER ERROR: ERRO EL TRIBUNAL DE PRIMERA INSTANCIA AL DESESTIMAR LA DEMANDA DE SENTENCIA DECLARATORIA RADICADA EN EL CASO DE AUTOS, RESOLVIENDO QUE UNA RECLAMACIÓN DE INDEMNIZACIÓN POR CONCEPTO DE MESADA BAJO LA LEY NÚM. 80-1976 NO ESTÁ CUBIERTA BAJO LA PÓLIZA DE SEGUROS SUSCRITA POR ACE INSURANCE CO. (HOY, CHUBB INSURANCE COMPANY OF PUERTO RICO) A FAVOR DE MECH TECH COLLEGE, LLC.**

Este Tribunal emitió una *Resolución* el 8 de marzo de 2024, en la cual concedió a la parte apelada un término de veinte (20) días para presentar su alegato en oposición. Oportunamente, la aseguradora presentó dicha oposición a la Apelación el 1 de abril de 2024. Con el beneficio de la comparecencia de ambas partes procedemos con el marco jurídico.

**II.**

**A.    *Ley Sobre Despidos Injustificados***

Como se sabe, existe un interés apremiante del Estado en regular las relaciones obrero-patronales, enmarcado ese interés en una política pública dirigida a proteger los derechos de los trabajadores. *Rivera v. Pan Pepín*, 161 DPR 681 (2004). *Díaz v. Wyndham Hotel Corp.*, 155 DPR 364 (2001). Consecuentemente, se adoptó la Ley Núm. 80-1976, *supra,* cuyo fin es proteger a los empleados de actuaciones arbitrarias del patrono al disponer de remedios económicos que desalienten los despidos injustificados. *Ortiz Ortiz v. Medtronic*, 209 DPR 759 (2022). Véase, además, *SLG Torres-Matundan v. Centro Patología*, 193 DPR 920 (2015); *Romero et als. v. Cabrer Roig et als.*, 191 DPR 643 (2014).

Conforme a lo anterior, el Artículo 1 de la Ley Núm. 80-1976, 29 LPRA sec. 185a, establece que todo empleado que trabaja para un patrono mediante remuneración, contratado sin tiempo determinado, que fuere despedido sin que haya mediado una justa causa, tendrá derecho a recibir de su patrono una indemnización. Ese resarcimiento se conoce comúnmente como *la mesada* y constituye un remedio exclusivo disponible para los empleados despedidos injustificadamente, en tanto no existan otras causas de acción independientes al despedido. *Ortiz Ortiz v. Medtronic, supra*; *León Torres v. Rivera Lebrón, supra*.

Así pues, nuestro máximo Foro ha reiterado que la Ley Núm. 80-1976, *supra*, cumple dos (2) propósitos fundamentales, a saber: (1) desalentar la práctica de despedir a empleados sin que medie justa causa, y (2) proveerle a los empleados remedios consustanciales a los daños causados por los despidos injustificados. Íd. Véase, además, *González Méndez v. Acción Social et al.*, 196 DPR 213 (2016). Así, en vista de su propósito reparador, la Ley Núm. 80-1976, *supra*, debe siempre interpretarse de manera liberal y favorable al empleado. *Jusino et al., v. Walgreens*, 155 DPR 560 (2001).

**B.     *Derechos de Seguros***

El negocio de seguros se encuentra revestido de un alto interés público por el rol vital que juega esa industria en la sociedad y economía. *Birriel Colón v. Supermercado Los Colobos*, 2023 TSPR 120, 213 DPR _ (2023). Véase, además, *San Luis Center Apts, et al. v. Triple-S*, 208 DPR 824 (2022); *OCS v. Financiera*, 187 DPR 164, 174 (2012). En nuestra jurisdicción, el Código de Seguros de Puerto Rico, Ley Núm. 77 de 19 de junio de 1957, según enmendada (26 LPRA sec. 101, *et seq*)., es la ley especial que regula la industria de seguros. Véase *S.L.G. Ortiz-Alvarado v. Great American*, 182 DPR 48, 71 (2011).

El contrato de seguro es aquel "mediante el cual una persona se obliga a indemnizar a otra o a pagarle o a proveerle un beneficio específico o determinable de producirse un suceso incierto previsto en el mismo". Artículo 1.020 del Código de Seguros, *supra*, sec. 102. Al igual que todo contrato, este constituye la ley entre las partes, siempre que en el mismo concurran las condiciones esenciales para su validez. Artículo 1230 del Código Civil de 1930 (31 LPRA ant. sec. 3451).

En cuanto a su naturaleza, los contratos de seguros son contratos típicos de adhesión. *S.L.G. Ortiz-Alvarado v. Great American, supra*, pág. 71. De ordinario, el contrato de seguro es redactado íntegramente por el asegurador en todo su contenido, sin que el asegurado tenga la oportunidad de negociar el contenido con el asegurador. Véase R. Cruz, *Derecho de Seguros*, San Juan, Ed. JTS, 1999, pág. 12. Por lo cual, "las disposiciones de un contrato de seguro deben ser interpretadas liberalmente a favor del asegurado por constituir un contrato de adhesión". *Maderas Tratadas v. Sun Alliance Ins. Co.*, 185 DPR 880, 898-899 (2012). Sin embargo, este principio de hermenéutica no tendrá aplicación "cuando las cláusulas en cuestión resulten claras y libres de ambigüedad". *Íd.* Véase *Torres v. Ella*, 130 DPR 640 (1992); *Casanova v. Puerto Rican-American Insurance Company*, 106 DPR 689 (1978).

**III.**

Arguye la Apelante que erró el foro primario al concluir que la mesada es un tipo de "severance pay", pues la mesada es un derecho que posee el empleado, mientras que el "severance pay" es un beneficio otorgado por el patrono. Añade que la mesada es una obligación legal que tiene el patrono al amparo de la Ley núm. 80-1976, mientras que el "severance pay" es una obligación contractual pactada entre patrono y empleado. Por tanto, argumenta que es forzoso concluir que son conceptos incompatibles. Añadió que,

independientemente de la interpretación del término, la póliza provee cobertura para el pago de indemnización o daños por despido injustificado, por lo que se debe interpretar liberalmente para entender que la indemnización por despido injustificado automáticamente incluye la mesada.

Por su parte, la Aseguradora argumenta que los términos mesada y "severance pay" representan lo mismo, una indemnización por despido sin justa causa. Añade la parte apelada que la traducción oficial de la Ley núm. 80-1976 entendió los términos como sinónimos en la traducción en inglés de dicha ley. La aseguradora presentó otro ejemplo de esto en el caso *Cintron v. SK & F Laboratories,* 142 DPR 803 (1997), donde el Tribunal Supremo adoptó el análisis de un tratadista que analiza el "mandatory severance pay" que nuestra asamblea proveyó con la Ley núm. 80-1976. Similarmente, la aseguradora cita los siguientes casos del Tribunal de Apelaciones para el Primer Circuito de los Estados Unidos, que utilizan el término "severance pay" cuando discuten la mesada, *Otero-Burgos v. Interamerican University*, 558 F.3d 1,7-8 (1st Cir. 2009); *Ruiz Sanchez v. Goodyear Tire & Rubber Co*, 717 F.3d 249, 254 (1st Cir. 2013).

Aunque la póliza especifique que cubre despidos injustificados, el texto de dicha póliza es claro cuando define "damages", y al excluir el "severance pay" de dichos daños, o cualquier otro beneficio similar. Resolvemos que, como acertadamente dictaminó el foro primario, la mesada y el "severance pay" tienen el mismo propósito, indemnizar al empleado cuando este es separado de su empleo, por tanto, queda excluido de los daños que cubre la póliza.

## IV.

Por los fundamentos expuestos, los que hacemos formar parte del presente dictamen, *Confirmamos* la sentencia del Tribunal de Primera Instancia.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Brignoni Mártir concurre sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones