Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel VIII

| | | |
|---|---|---|
| XAVIER MELÓN NEGRÓN<br>Recurrido<br><br>v.<br><br>CAPITOL BRIDGE PUERTO RICO LLC; JORGE A. FERNÁNDEZ REBORERO; 6CAPITOL BRIDGE LLC; JORDÁN NICHOLAS; VÍCTOR FERNÁNDEZ GARCÍA<br>Peticionarios | KLCE202401353 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Aguadilla<br><br>Caso Núm. AG2024CV01109<br><br>Sobre: Despido Injustificado, Mesada, Daños y Perjuicios |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón

Juez Ponente, Adames Soto

## SENTENCIA

En San Juan, Puerto Rico, a 13 de marzo de 2025.

Comparece Capitol Bridge Puerto Rico LLC (Capitol Bridge Puerto Rico), Capitol Bridge LLC (Capitol Bridge), y los señores Jordan Nicholas (señor Nicholas), y Víctor Fernández García (señor Fernández García), (en conjunto, parte peticionaria). Solicitan que revisemos una *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Aguadilla (TPI), el 23 de octubre de 2024, declarando *No Ha Lugar* la solicitud de desestimación que dicha parte presentó respecto a la *Demanda* instada en su contra. La *Demanda* aludida fue presentada por el señor Xavier Melón Negrón (señor Melón Negrón o parte recurrida), alegando despido injustificado, acoso laboral, más daños y perjuicios.

Examinados los asuntos alzados, hemos decidido ejercitar nuestra discreción para expedir el recurso de *certiorari*.

NÚMERO IDENTIFICADOR

SEN2025_____

## I. Resumen del tracto procesal

El 30 de junio de 2024 el señor Melón Negrón presentó la referida *Demanda* en contra de la parte peticionaria, más el licenciado Jorge A. Fernández Reborero[1], bajo el procedimiento sumario especial provisto por la Ley Núm. 2 del 17 de octubre de 1961, según enmendada, 32 LPRA sec. 3118 *et seq.*, (Ley Núm. 2-1961), aduciendo despido injustificado, acoso laboral y daños y perjuicios. A tales efectos, alegó haberse desempeñado como empleado regular para el patrono Capitol Bridge LLC, Capitol Bridge Puerto Rico, LLC, desde el 22 de febrero de 2022 hasta que fue despedido injustificadamente el 27 de abril de 2023. Luego de enumerar unas dieciséis *alegaciones generales* en la *Demanda*, el recurrido solicitó al foro primario que ordenara a la parte peticionaria indemnizarle: *por concepto de daños y perjuicios ascendentes a $100,000.00, por ambiente hostil en el empleo la suma de $100,000.00, más la suma de $6,240.00 por concepto de mesada.*[2]

A raíz de ello, el 4 de septiembre de 2024, mediante *Contestación a la Demanda* comparecieron ante el Tribunal, sin someterse a su jurisdicción: Capitol Bridge Puerto Rico LLC; Capitol Bridge LLC; el Lcdo. Jorge A. Fernández Reborero; el Sr. Jordan Nicholas y el Sr. Víctor Fernández García. Entre sus alegaciones responsivas, **fue admitido que <u>Capitol Bridge Puerto Rico</u> era el patrono del recurrido**, siendo esta la entidad que lo despidió, aunque mediando justa causa. Arguyeron que, como patrono del recurrido, Capitol Bridge Puerto Rico hizo una investigación sobre el presunto trato inadecuado del señor Fernández García hacia el recurrido, pero tal conducta alegada nunca se corroboró. También aseveró que Capitol Bridge Puerto Rico y Capitol Bridge eran dos entidades distintas, contando ambas con sus números de registro y siendo jurídicamente independientes, para lo cual proveyeron prueba documental. Capitol Bridge en particular

---

[1] Como se indicará más adelante, la parte recurrida desistió de la demanda presentada contra el licenciado Fernández Reborero y es por ello que este no es parte peticionaria ante nosotros.

[2] Ver apéndice III del recurso de *certiorari*, págs. 3-8.

afirmó no tener empleados en Puerto Rico, por tanto, negó ser el patrono del señor Melón Negrón, menos aún haberle despedido.

Entre sus *defensas afirmativas* la parte peticionaria incluyó, en lo pertinente, las siguientes: Capitol Bridge Puerto Rico era el patrono del recurrido, a quien despidió con justa causa; Capitol Bridge no era el patrono del recurrido, ni lo despidió; Fernández-Reboredo tampoco era el patrono del recurrido, ni lo despidió; Fernández García no era el patrono del recurrido, ni lo despidió; Jordan Nicholas no era su patrono, ni lo despidió. Ante esto, la parte peticionaria solicitó la desestimación con perjuicio de la *Demanda* instada contra todos los indicados, pues no eran los patronos del señor Melón Negrón, ni tampoco responderían en su capacidad individual. Afirmó que la única causa de acción sería la dirigida contra Capitol Bridge Puerto Rico, pero tampoco procedía pues el despido había sido justificado. Esta última también indicó que la parte recurrida carecía de una causa de acción por acoso u hostigamiento laboral bajo la Ley Núm. 90, *infra*, pues no se satisfacían los requisitos legales para ello, al no haber agotado los remedios administrativos correspondientes antes de presentarse la demanda.

Luego, el 3 de septiembre de 2024, la parte peticionaria solicitó la conversión del proceso sumario bajo la Ley Núm. 2-1961, *supra,* al ordinario, aduciendo que no era vehículo procesal disponible para ventilar un caso donde existía indebida acumulación de partes no patronales, además de una causa de acción civil.

Mediante *Resolución* de 6 de septiembre de 2024, el foro primario acogió la petición de conversión del proceso sumario al ordinario.

A los pocos días, el 15 de septiembre de 2024, la parte peticionaria presentó moción de desestimación, solicitando que se desestimaran todas las causas de acción, **salvo aquella instada contra Capitol Bridge Puerto Rico por despido injustificado**, bajo los siguientes fundamentos:

(i) el remedio exclusivo por alegado despido injustificado es la mesada; (ii) la codemandada no es el patrono del demandante; (iii) la causa de acción por alegado despido injustificado no permite responsabilidad individual; (iv) el demandante no agotó los remedios administrativos bajo la causa de acción por alegado acoso laboral, lo que despoja a este Foro de jurisdicción sobre dicha materia; (v) la causa de acción por alegadas represalias no permite responsabilidad individual; (vi) existencia crasa de insuficiencia de las alegaciones con relación a las alegadas represalias, acciones torticeras y el supuesto acoso laboral, que no ameritan la concesión de un remedio; (vii) no se cumplen con los elementos constitutivos de una acción de interferencia torticera contractual de tercero; y, finalmente, (viii) la causa de acción por alegadas acciones torticeras no procede contra Capitol Bridge Puerto Rico ni la codemandada, toda vez que éstas no son consideradas como terceros a la relación laboral entre el demandante y su patrono, Capitol Bridge Puerto Rico.

En respuesta, el señor Melón Negrón se presentó oposición a la petición de desestimación. En síntesis, adujo que su reclamación al amparo de la Ley Núm. 80-1976, *infra*, contra el patrono no excluía la reclamación en daños por responsabilidad vicaria, bajo el Artículo 1540 del Código Civil de Puerto Rico, 31 LPRA sec. 10805 (d)y(e), según instada contra las partes acumuladas como demandadas. Sostuvo que, aunque de ordinario un supervisor que actúa en nombre de la compañía no responde personalmente por el despido de un empleado, ya que está actuando dentro del ámbito de su empleo y en representación de la empresa, sin embargo, a modo de excepción, si la actuación del supervisor fue de manera maliciosa, con intención de causar daño, o fuera del ámbito de sus funciones, podría enfrentar responsabilidad personal. A su vez, entendió que acumuló correctamente a Capitol Bridge como parte, dado que es la subsidiaria local de Capitol Bridge Puerto Rico. Por último, manifestó que sus alegaciones se adaptaban al estándar de la suficiencia estatuido por la Regla 6.1 de las de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 6.1, pues constituían una forma de notificación de la reclamación al incluir una descripción detallada de los hechos que llevaron al despido y las razones por las cuales se considera injustificado el mismo, lo cual es claro y específico en el cuerpo de la demanda.

El 18 de octubre de 2024 la parte peticionaria replicó a la oposición de la solicitud de desestimación. En concreto, esbozó que la reclamación de la parte recurrida no justificaba la concesión de un remedio puesto fue instada contra varias personas naturales y una entidad jurídica que no eran su patrono. Añadió que la parte recurrida había desatendido los planteamientos de la solicitud de desestimación presentada. Reiteró que las alegaciones del señor Melón Negrón eran insuficientes para sostener una reclamación al amparo de la Ley Núm. 80-1976, *infra*, y sostuvo que el foro *a quo* carecía de jurisdicción para atender la reclamación por acoso laboral, a tenor con los requerimientos de la Ley Núm. 90-2020, *infra*. Afirmó que de las alegaciones no surgían los elementos constitutivos de una causa de acción por alegada acción torticera.

Así las cosas, el 21 de octubre de 2024, el foro primario dictó una *Sentencia Parcial* en la cual dio por desistida la reclamación en contra del codemandado Lcdo. Jorge A. Fernández, además de dar por sometida la petición de desestimación.

Pasados dos días, el TPI emitió la *Resolución* cuya revocación nos solicita la parte peticionaria, declarando *No Ha Lugar* la moción de desestimación instada por los aquí peticionarios. Al optar el foro primario por fundamentar dicha determinación indicó, que las alegaciones incluidas en la *Demanda* bosquejaban, a grandes rasgos, cuáles eran las reclamaciones del señor Negrón Melón, de forma tal que la parte peticionaria quedó notificada de la naturaleza general de las contenciones en su contra. Añadió, que la parte peticionaria había admitido la reclamación por la mesada instada por el señor Melón Negrón. También juzgó que la causa de acción por despido injustificado no excluía la reclamación presentada por daños y perjuicios. De conformidad, concluyó que Capitol Bridge Puerto Rico y Capitol Bridge no eran terceros en el asunto de epígrafe, y al haberse alegado la responsabilidad vicaria de los demás codemandados, podían ser acumulados como partes.

En cuanto a la responsabilidad de los señores Nicholas y Fernández García en particular, el foro primario dispuso lo siguiente:

> Es que en razón de que no hubo directrices claras y concisas, referente al camión que obstruía el área de trabajo, más el asunto del cambio de la tarjeta de identificación del demandante de epígrafe Xavier Melón Negrón sumado a su diagnóstico notificado al patrono de COVID 19, es la motivación para que el demandante inste la reclamación de epígrafe, por la alegada ausencia temporal de su trabajo, siendo esto la alegada la causa del cese de sus funciones en forma permanente. Por ello se puede colegir el daño causado al demandante, reclamado en la presente. En tal razón Xavier Melón Negrón, incoó la presente reclamación de daños y perjuicios a las partes demandadas de epígrafe. Lo cual es diferente a la reclamación por mesada.

Por último, aludiendo a la Ley 90-2020, *infra*, ordenó al Centro de Mediación de Conflictos de la Sala de Aguadilla del TPI a iniciar el proceso de mediación entre las partes.

En desacuerdo, el 7 de noviembre de 2024, la parte peticionaria solicitó la reconsideración del referido dictamen. Allí, reiteró en su teoría legal de que, por las alegaciones contenidas en la *Demanda*, solo procedía que se ordenara la continuación de los procedimientos contra Capitol Bridge Puerto Rico como patrono del recurrido, referente a la causa de acción por el presunto despido injustificado, pues las otras partes acumuladas, es decir, Capitol Bridge LLC, el Sr. Jordan Nichols y el Sr. Víctor Fernández García, no participaron de la referida relación obrero-patronal. A partir de esto, afirmaron que la desestimación evitaría un fracaso de la justicia, pues los referidos codemandados jamás tendrían que pagar una mesada, correspondiendo dicha obligación, en cualquier caso, al patrono, Capitol Bridge Puerto Rico, y si se probase que el despido fue sin justa causa.

En lo concerniente a la presunta responsabilidad vicaria imputada, arguyeron que esta no operaba en el presente caso, debido a que a Capitol Bridge no se le podían imputar las acciones u omisiones de Capitol Bridge Puerto Rico, como tampoco a los codemandados Nichols y Fernández García, pues ninguna de estas tres personas era su empleada. Asimismo, manifestó que las alegaciones de daños contenidas en la demanda dirigidas

contra estos tres últimos, revelaban que no contenían hechos específicos que fueran plausibles para imputar daños extracontractuales.

Finalmente, la misma parte esbozó que la *Resolución* reconocía implícitamente que el foro primario carecía de jurisdicción para atender la causa de acción de acoso laboral por no haberse agotado los remedios administrativos. Ante ello, solicitó que se declarara expresamente que la causa de acción de acoso laboral había sido desestimada por falta de jurisdicción sobre la materia, y no meramente referida al Centro de Mediación de Conflictos de la Sala de Aguadilla del Tribunal de Primera Instancia, puesto que el derecho aplicable lo exigía.

El TPI declaró *No Ha Lugar* la solicitud de reconsideración presentada por la parte peticionaria. El mismo día también emitió otra *Resolución,* dejando sin efecto el referido que había hecho para que las partes acudieran al proceso de mediación por presunto acoso laboral, determinando continuar los procesos por la vía ordinaria.

Inconforme, el 16 de noviembre de 2024, la parte peticionaria presentó el recurso de *certiorari* que nos ocupa, señalando los siguientes errores:

> A. Erró el foro judicial primario al emitir una Resolución denegando la solicitud de desestimación de la Demanda sin haber hecho el examen obligatorio de plausibilidad o factibilidad que deben realizar los tribunales al evaluar la defensa de que la Demanda deja de exponer una reclamación que justifique la concesión de un remedio, ya que el tribunal no identificó los elementos que establecen las causas de acción laborales reclamadas ni tampoco los distinguió de las meras alegaciones concluyentes que vician la Demanda y que fueron enumeradas en la moción de la peticionaria; todo ello en violación a lo dispuesto en la Regla 10.2 de Procedimiento Civil, su jurisprudencia interpretativa y el derecho de la peticionaria a un debido proceso de ley.

> B. Erró el foro judicial primario al no desestimar la Demanda contra Capitol Bridge y los copeticionarios, a pesar de que de la faz de dicha reclamación surge que no existe causa que justifique la concesión de un remedio, toda vez que, de sus alegaciones surge que estos no son el patrono del Recurrido. Además, esta incluye más de 10 alegaciones conclusorias y generalizadas que no exponen hechos específicos; todo ello en violación al criterio de plausibilidad o factibilidad dispuesto en las Reglas 6.1 y 9.1 de Procedimiento Civil y su jurisprudencia

interpretativa, lo que priva al tribunal de jurisdicción para atender el caso y conlleva su desestimación.

C. Erró el foro judicial primario al no desestimar la causa de acción de responsabilidad extracontractual, ya que la parte Recurrido no ha logrado presentar alegaciones que contengan hechos específicos que sean plausibles para que se pueda sostener dicha causa. Además, la Demanda no provee información sobre daños adicionales al despido contra su verdadero patrono, Capitol Bridge.

D. Erró el foro judicial primario al no desestimar explícitamente la causa de acción de acoso laboral y limitarse a no referirla a mediación, ya que de la faz de dicha reclamación surge que el foro judicial primario carece de jurisdicción, toda vez que, de sus alegaciones surge que, el Recurrido no agotó los remedios administrativos, según requiere la Ley Núm. 90.

E. Erró el foro judicial primario al hacer determinaciones de hechos y conclusiones en esta etapa desestimatoria, los cuales no surgen de la Demanda ni de la Contestación a la Demanda presentada por los Peticionarios.

Ante ello, el señor Melón Negrón compareció mediante escrito que tituló *Alegato del Demandante-Recurrido*.

Por tanto, con el beneficio de la comparecencia de todas las partes, damos por perfeccionado el recurso y procedemos a resolverlo.

## II. Exposición de derecho

a.

La Regla 6.1 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 6.1, establece que, para solicitar un remedio en un foro judicial, las alegaciones hechas en la demanda deben contener: "(1) una relación sucinta y sencilla de los hechos demostrativos de que la parte peticionaria tiene derecho a un remedio, y (2) una solicitud del remedio a que crea tener derecho. Podrán ser solicitados remedios alternativos o de diversa naturaleza". Por su parte, la Regla 6.5 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 6.5, aclara que dichas alegaciones no deben seguir fórmulas técnicas particulares, siendo requisito únicamente que estas se redacten de manera "sencilla, concisa y directa", además, se interpretarán con el propósito de hacer justicia. Véase también, *Torres Torres v. Torres Serrano*, 179 DPR 481, 501 (2010).

En sintonía con lo anterior, nuestro Tribunal Supremo ha expresado que las alegaciones solo tienen una misión: notificar a grandes rasgos cuáles son las reclamaciones para que la parte demandada pueda comparecer si así lo desea. *Íd.* De igual forma, nuestro más alto foro ha resuelto que en la demanda no hay que especificar bajo qué disposición legal se reclama, basta con que de los hechos que esquemáticamente se alegan surja una causa de acción bajo cualquier ley. *Dorante v. Wrangler of PR*, 145 DPR 408, 414 (1998). Después de todo, los tribunales conceden lo que en derecho procede no lo que se les pide, independientemente de que el remedio hubiese sido específicamente solicitado en la súplica o en las alegaciones. *Íd.*; *Rivera Flores v. Cía. ABC*, 138 DPR 1, 8 (1995); *Neca Mortg. Corp v. A&W Sev. SE,* 137 DPR 860, 868 (1995).

De otro lado, la Regla 6.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 6.2, dispone, en lo pertinente, que: "la parte [a quien se le reclama] expondrá en términos sucintos y sencillos sus defensas contra cada reclamación interpuesta y **admitirá o negará** las aseveraciones en que descanse la parte contraria." (Énfasis provisto).

Sobre el efecto de las aseveraciones contenidas en las alegaciones antes mencionadas, y el alcance que tienen las admisiones manifestadas en las mismas, la jurisprudencia ha señalado que *las admisiones del demandado, en su contestación, **relevan al demandante de tener que probar los hechos así admitidos**.* El demandante no tiene que presentar prueba sobre hechos no negados, o admitidos, en la contestación, **y esos hechos deben ser considerados como ciertos**. *Díaz Ayala v. ELA,* 153 DPR 675, 692 (2001).

En la Opinión aludida, el Tribunal Supremo citó con aprobación al profesor E. L. Chiesa que señala que las admisiones evidenciarias para fines probatorios, y las admisiones judiciales, **tales como las que hace una parte en el transcurso de un proceso civil al contestar una demanda** o estipular unos hechos, ***no son controvertibles**. Sencillamente, **cuando***

*una parte hace una alegación* o acepta una estipulación, **queda obligada por la alegación salvo que el tribunal le permita retirarla**. E. L. Chiesa, Tratado de Derecho Probatorio; Reglas de Evidencia de Puerto Rico y Federales, San Juan, P.R., JTS, 2000, T. II, pág. 655. Por tanto, **lo que las partes aceptan** *dentro del curso procesal de un caso civil* —**i.e. en la contestación a la demanda**, *conferencia con antelación al juicio, estipulaciones*— **es incontestable salvo que el Tribunal permita enmiendas a las mismas**. (Énfasis provisto). *Íd.* Ver, *Díaz Ayala v. ELA,* supra.

En definitiva, el demandante no tiene que presentar prueba sobre hechos no negados, **o admitidos en la contestación**, **y esos hechos deben ser considerados como ciertos**. (Énfasis provisto). *Conde Cruz v. Resto Rodríguez,* 205 DPR 1043, 1063 (2020).

b.

La moción de desestimación al amparo de la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, es aquella que formula el demandado antes de presentar su contestación a la demanda, en la cual solicita que se desestime la demanda presentada en su contra. *González Méndez v. Acción Social de Puerto Rico,* 196 DPR 213, 234 (2016). Esto, cuando, a base de las alegaciones contenidas en la demanda, es evidente que alguna de las defensas afirmativas prosperará. *Íd.*; *Trans-Oceanic Life Ins. v. Oracle Corp.,* 184 DPR 689, 701 (2012).

La citada regla dispone que la parte demandada puede presentar una moción de desestimación en la que alegue las siguientes defensas: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio; y (6) dejar de acumular una parte indispensable. 32 LPRA Ap. V, R. 10.2; *López García v. López García,* 200 DPR 50, 69 (2018); *Rivera Sanfeliz et al. v. Jta. Dir. FirstBank,* 193 DPR 38, 49

(2015); *Colón Rivera et al. v. ELA,* 189 DPR 1033, 1049 (2013); *Asoc. Fotoperiodistas v. Rivera Schatz,* 180 DPR 920, 935 (2011).

Al resolver una solicitud de desestimación fundamentada en que se deja de exponer una reclamación que justifique la concesión de un remedio, los tribunales están obligados a tomar como ciertos todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente. *Eagle Security v. Efrón Dorado et al.*, 211 DPR 70 (2023); *Cobra Acquisitions v. Mun. de Yabucoa et al.*, 210 DPR 384, 396 (2022). Luego debe determinar si, a base de esos hechos que aceptó como ciertos, la demanda establece una reclamación plausible que justifique la concesión de un remedio. *Costas Elena v. Magic Culinary Corp.*, 213 DPR 523, 533-534 (2024), citando a R. Hernández Colón, *Práctica jurídica de Puerto Rico: derecho procesal civil*, 6.a ed., San Juan, Ed. LexisNexis, 2017, pág. 307. La norma exige evaluar las alegaciones conjuntamente para auscultar si, a la luz de la situación más favorable al demandante y resolver toda duda a favor de este, la demanda es suficiente para constituir una reclamación válida. *Eagle Security v. Efrón Dorado et al.*, supra, pág. 78; *Cobra Acquisitions v. Mun. de Yabucoa et al.*, supra, pág. 396.

Por lo tanto, para que un demandado prevalezca cuando presente una moción de desestimación al amparo de la Regla 10.2(5), *supra,* debe establecer con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de derecho que pueda probarse en apoyo a su reclamación, aun interpretando la demanda de la forma más liberal posible a su favor. *Ortiz Matías et al. v. Mora Development,* 187 DPR 649, 654 (2013). Si tras este análisis el tribunal aún entiende que no se cumple con el estándar de plausibilidad, entonces debe desestimar la demanda, pues no puede permitir que proceda una demanda insuficiente bajo el pretexto de que se podrán probar las alegaciones conclusorias con el descubrimiento de prueba. *Costas Elena v. Magic Culinary Corp.,* supra, a la pág. 534, citando a Hernández Colón, *op. cit.*, pág. 307.

c.

En reiteradas ocasiones nuestro más alto Foro ha enfatizado la importancia que tiene en nuestra sociedad el derecho al trabajo. *Rivera Figueroa v. The Fuller Brush Co.*, 180 DPR 894, 901 (2011). La Ley Núm. 80 de 30 de mayo de 1976, según enmendada, 29 LPRA sec. 185a *et seq.*, (Ley Núm. 80-1976), regula las acciones relacionadas con el despido injustificado de un empleado. Este estatuto fue aprobado con el propósito expreso de proteger a los trabajadores y desalentar los despidos injustificados. Exposición de motivos, Ley Núm. 80-1976, *supra*; *Vélez Cortés v. Baxter*, 179 DPR 455, 465 (2010). El mismo provee un remedio de compensación económica a los empleados cuyos patronos actúen en contravención a sus disposiciones. *Díaz v. Wyndham Hotel Corp.*, 155 DPR 364, 375 (2001).

Las personas cubiertas por las garantías de la Ley Núm. 80-1976, lo son los empleados de comercio, industria o cualquier otro negocio o sitio de empleo que: (1) estén contratados sin tiempo determinado; (2) reciban una remuneración; y (3) sean despedidos de su cargo, sin que haya mediado justa causa. *Rivera Figueroa v. The Fuller Brush, Co.*, supra, pág. 906.

El Art. 1 de la Ley Núm. 80-1976, 29 LPRA sec. 185a, establece que todo empleado que haya sido despedido de manera injustificada tendrá derecho a recibir de su patrono una indemnización, conocida típicamente como la *mesada. Romero v. Cabrer Roig*, 191 DPR 643, 650 (2014). La suma que será pagada en ese concepto dependerá de dos factores: (1) el periodo de tiempo durante el cual el empleado ocupó su puesto; (2) el sueldo que devengaba en este. *Íd*.

Ahora bien, la mesada **es el remedio exclusivo disponible para los empleados que son despedidos injustificadamente**. *Íd*. Por tanto, la mesada concebida en dicha ley como remedio representa **la única compensación disponible para un empleado contra los actos o las**

**omisiones de un <u>patrono</u> relacionadas con el despido injustificado**. (Énfasis y subrayado provistos). *C.O.P.R. v. S.P.U.*, 181 DPR 299, 337 (2011).

Sin embargo, han sido reconocidas tres excepciones a la norma del remedio único de la mesada:

> (1) los remedios adicionales conferidos por conducta torticera del patrono, **ajena a la mera violación de una disposición de las leyes del trabajo** (*Rivera v. Security Nat. Life Ins. Co.*, 106 DPR 517, 527 (1977); (2) los remedios adicionales provistos por leyes especiales (*Vélez Rodríguez v. Pueblo Int'l, Inc.*, 135 DPR 500, 511 (1994), y (3) los remedios adicionales concedidos por un despido cuyo propósito e intención principal sea subvertir una clara política pública del Estado o algún derecho constitucional (*Soc. de Gananciales v. Royal Bank de P.R.*, 145 D.P.R. 178, 192 (1998); *Porto y Siurano v. Bentley P.R., Inc.*, 132 D.P.R. 331, 342 (1992); *Arroyo v. Rattan Specialties, Inc.*, 117 D.P.R. 35, 65 (1986).

De no establecer satisfactoriamente alguna de las tres excepciones indicadas, el empleado solo será acreedor al pago mínimo de la mesada. *Íd.*, *C.O.P.R. v. S.P.U.*, supra, a las págs. 337-338.

Por último, se ha de observar que uno de los requisitos esenciales para reclamar las protecciones de la Ley Núm. 80 es **que exista una relación empleado-patrono**. Así pues, dado que la política pública implantada a través de la referida ley procura proteger a un empleado de un despido injustificado, **es necesario que entre los actores del pleito haya existido una relación obrero-patronal**. (Énfasis provisto). *Romero v. Cabrer Roig*, supra, a la pág. 657. De no estar presente una relación empleado-patrono, estaríamos ante otro tipo de relación cuya ruptura no perfeccionaría un despido, y, por lo tanto, no activaría las protecciones de la Ley 80-1976. *Íd.*, a la pág. 658.

e.

La Ley para Prohibir y Prevenir el Acoso Laboral en Puerto Rico, Ley Núm. 90 de 7 de agosto de 2020, 29 LPRA sec. 3111, *et seq.,* persigue "una vigorosa política pública contra todo tipo de acoso laboral que afecte el desempeño del trabajador, altere la paz industrial y atente contra la dignidad de los trabajadores, no importa cuál sea su categoría o

clasificación de empleo". 29 LPRA sec. 3112. Esta ley creó una causa de acción a favor de aquellos empleados que son víctimas de acoso laboral en su lugar de empleo, sin importar la naturaleza del empleo, su categoría, jerarquía o clasificación, ni la duración del contrato de empleo. 29 LPRA sec. 3113.

En su Artículo 4 la Ley Núm. 90-2020, 29 LPRA sec. 3114, define el acoso laboral como:

> [A]quella conducta malintencionada, no deseada, repetitiva y abusiva; arbitraria, irrazonable y/o caprichosa; verbal, escrita y/o física; de forma reiterada por parte del patrono, sus agentes, supervisores o empleados, ajena a los legítimos intereses de la empresa del patrono, no deseada por la persona, que atenta contra sus derechos constitucionales protegidos, tales como: la inviolabilidad de la dignidad de la persona, la protección contra ataques abusivos a su honra, su reputación y su vida privada o familiar, y la protección del trabajador contra riesgos para su salud o integridad personal en su trabajo o empleo. Esta conducta de acoso laboral crea un entorno de trabajo intimidante, humillante, hostil u ofensivo, no apto para que la persona razonable pueda ejecutar sus funciones o tareas de forma normal. 29 LPRA § 3114(3).

La Ley Núm. 90-2020 provee para que todo empleado que haya sido afectado *presente una reclamación civil **en contra de su patrono** por incurrir, fomentar o permitir el acoso laboral.* (Énfasis provisto). Art. 5 de la Ley Núm. 90-2020, *supra*, 29 LPRA sec. 3115; *Reyes Berríos v. ELA*, 213 DPR 1093, 1105 (2024). Ahora, **<u>antes</u> de presentar una reclamación judicial**, **el empleado debe utilizar los procedimientos y protocolos adoptados por el patrono y, de ser infructuosa la gestión, recurrir al Negociado de Métodos Alternos para la Solución de Conflictos de la Rama Judicial**. (Énfasis y subrayado provistos). Art. 10 de la Ley Núm. 90-2020, *supra*, 29 LPRA sec. 3120; *Reyes Berríos v. ELA*, 213 DPR 1093, supra.

En específico, el referido Artículo dispone lo siguiente:

> Toda persona que reclame ser víctima de acoso laboral deberá comunicarlo siguiendo el procedimiento y protocolo adoptado por su patrono, el cual, según ya dispuesto, deberá ser amparado en las guías uniformes establecidas por el Departamento del Trabajo y Recursos Humanos, la Oficina de

Administración y Transformación de los Recursos Humanos del Gobierno de Puerto Rico, la Rama Legislativa y la Rama Judicial, según aplique. **Si las gestiones realizadas conforme al procedimiento y protocolo adoptado por el patrono resultan infructuosas, el empleado afectado acudirá al Negociado de Métodos Alternos para la Solución de Conflictos de la Rama Judicial. Si habiéndose orientado, las partes no aceptan la mediación o el mediador no recomienda la misma, entonces se podrá acudir ante la sala del tribunal competente presentando evidencia acreditativa de que se agotó dicho mecanismo alterno y radicar la acción civil que provee esta Ley**. (Énfasis provisto). *Íd.*

f.

El Artículo 1536 del Código Civil de 2020, 31 LPRA sec. 10801, establece que "[l]a persona que por culpa o negligencia causa daño a otra, viene obligada a repararlo". A tenor, para conceder la reparación de un daño es necesario que la parte promovente de la acción demuestre lo siguiente: (1) el acto u omisión culposa o negligente; (2) la relación causal entre el acto u omisión culposa o negligente; y (3) el daño real causado al reclamante. *Nieves Díaz v. González Massas,* 178 DPR 820, 843 (2010).[3]

Aunque la obligación de reparar daños generalmente surge de un hecho propio, de manera excepcional nuestro Código Civil establece varias situaciones en las que ciertas personas están llamadas a responder por hechos ajenos a sí, comúnmente conocido como responsabilidad vicaria. *Pérez Hernández v. Lares Medical, Inc.*, 207 DPR 965 (2021). Es así como, el Artículo 1540 del mismo cuerpo citado, 31 LPRA sec. 10805, reconoce la referida *responsabilidad vicaria*. En lo pertinente, el inciso (d) de dicho artículo dispone lo siguiente:

> Responden de los daños que causan la culpa o negligencia de sus dependientes, las siguientes personas:
> …
> (d) **los patronos** públicos o privados, por los daños que causan sus empleados en el servicio de las ramas en que los tengan empleados o con ocasión de sus funciones;
> …
> Las mencionadas en los incisos (d), (e) y (f) pueden exigir la restitución de lo pagado a sus dependientes que incurran en culpa o negligencia. *Íd.*

---

[3] Cita el derogado Artículo 1802 del Código Civil de 1930, no obstante, los elementos de la causa de acción en daños y perjuicios permanecen inalterados bajo el Artículo 1536 del Código Civil de 2020.

(Énfasis provisto).

De esta forma el Código Civil responsabiliza a los patronos por los daños que ocasionen sus empleados en el ejercicio de su trabajo.

### III. Aplicación del derecho a los hechos

a.

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece que el recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, será expedido por el Tribunal de Apelaciones, en lo pertinente, *cuando se recurre de la denegatoria de una moción de carácter dispositivo.*

Precisamente, la parte peticionaria nos solicita que revoquemos la denegatoria a la moción de desestimación que presentó bajo la Regla 10.2 de Procedimiento Civil, *supra.* Es decir, estamos ante la denegatoria de una moción de carácter dispositivo, (la moción de desestimación), de modo que, por virtud de la Regla 52.1 citada, estamos en posición de intervenir con el dictamen interlocutorio cuya revocación se nos solicita. Veamos.

b.

En el recurso de *certiorari*, la parte peticionaria reitera su contención de que las alegaciones incluidas en la *Demanda* no cumplen con el requisito de plausibilidad y, por consiguiente, no se justifica la concesión de un remedio. En concreto, aduce que de la *Demanda* no se desprende quién empleó y despidió al señor Melón Negrón, pero que, luego de Capitol Bridge Puerto Rico haber admitido en su *Contestación a demanda* haber sido el único patrono del recurrido, y haberlo despedido, (aunque con justa causa), no se justifica mantener a los demás codemandados como parte, pues no son patrono. Añade que, siendo las alegaciones imputaciones sobre alegado despido injustificado, el remedio exclusivo que la Ley Núm. 80-1976 ofrece al recurrido, (de ser probado el despido fue injustificado), es el pago de la mesada correspondiente. Por razones similares, asevera que no se dan los elementos para esgrimir una causa de acción por presunta responsabilidad

vicaria, pues tal causa de acción se dirige contra un patrono, y como ya dicho, el único patrono fue Capitol Bridge Puerto Rico. Por último, arguye que correspondía al TPI declararse sin jurisdicción para atender la causa de acción por presunto acoso laboral, pues no se ha cumplido con el requisito de la Ley 90-2020 de agotar los remedios administrativos, antes de haber acudido al Tribunal.

En contraste, la parte recurrida reitera que, ante la presentación de una moción de desestimación, corresponde al Tribunal partir de la veracidad de lo alegado, en cuyo caso las alegaciones incluidas en la *Demanda* sí contienen los elementos que sostienen la causa de acción presentada. De igual forma promueve que nuestro ordenamiento reconoce la responsabilidad vicaria donde son responsables los patronos por los perjuicios causados por sus empleados en el ejercicio de sus funciones. Entonces, toda vez que la persona jurídica, Capitol Bridge, actuó a través de los señores Nicholas y Fernández García, estos no se deberían reputar como terceros ante los actos descritos en las alegaciones.

c.

Según apuntamos en la exposición de derecho, ante la presentación de una moción de desestimación al amparo de la Regla 10.2 de Procedimiento Civil, *supra*, nos corresponde partir de la veracidad de los hechos bien alegados en la demanda, eliminando en tal consideración las conclusiones legales y aseveraciones conclusorias, para entonces determinar si resulta plausible alguna causa de acción.

Hecho tal ejercicio, lo primero que llamó nuestra atención fue la absoluta ausencia de alusión al codemandado Jordan Nicholas en las alegaciones que contienen los hechos que dan lugar a la causa de acción. Más allá de este haber sido nombrado en la *Demanda* como presidente de Capitol Bridge LLC, no hay rastro de alegación fáctica alguna en su contra referente a posibles causas que justifiquen una acción en daños y perjuicios, mucho menos el descorrer el velo corporativo para alcanzarle en su carácter

personal.[4]   No podemos permitir que la mera mención de un nombre, sin que se le ate a algún hecho del cual surja una causa de acción, sirva para mantener a dicha persona como parte en el proceso judicial, por lo que procede la desestimación de la *Demanda* en su contra.

Por otra parte, leídas las alegaciones con detenimiento, estas no dejan margen a dudas de que estamos ante una causa de acción por presunto despido injustificado y acoso laboral. Es decir, los hechos contenidos en las alegaciones enmarcan dentro de un pleito laboral, describiendo presuntas infracciones a las leyes Núm. 80-1976, *supra,* (despido injustificado); y Núm. 90-2020, *supra,* (acoso laboral), estando ausentes otros hechos que desborden la relación empleado-patrono descrita y sirvan para justificar causas de acción adicionales.

Abundando, la narrativa expuesta en las alegaciones está construida en torno a situaciones ocurridas dentro de la relación empleado-patrono, específicamente referente a episodios sobre la supervisión que realizaba el codemandado Víctor Fernández García, gerente de Capitol Bridge Puerto Rico, sobre su supervisado, el aquí recurrido. Además, los remedios solicitados tienen como objeto principal el despido del recurrido, por causas que este imputa fueron injustificadas, al no atenerse la empresa a sus propias políticas relativas al despido.

Entonces, ciñéndonos exclusivamente a la causa de acción por presunto despido injustificado, es de ver que nuestro ordenamiento requiere que el promovente de la acción, a través de las alegaciones contenidas en la demanda, establezca el hecho básico del despido para entonces dar paso a la presunción de despido injustificado. Véase *López Fantaussi v. 100% Natural,* 181 DPR 92 (2011). A tenor, en las alegaciones se adujo que el

---

[4] Como se sabe, la posibilidad de rasgar el velo corporativo para imponer responsabilidad personal a los accionistas es la excepción, pues la corporación tiene su propia personalidad jurídica y patrimonio distintos a los de sus accionistas. *DACo v. Alturas Fl. Dev. Corp. y otros,* 132 DPR 905 (1993). Le corresponde a la parte que propone rasgar el velo corporativo alegar que no existe la debida separación entre los asuntos corporativos y los personales del accionista. *Íd.*

señor Melón Negrón se desempeñó como empleado regular para el patrono Capitol Bridge, Capitol Bridge Puerto Rico, desde el 22 de febrero de 2022 hasta 27 de abril de 2023 ininterrumpidamente, hasta ser despedido sin causa justificada. Las demás alegaciones, como ya apuntamos, van dirigidas esencialmente a describir los actos del patrono que dieron lugar a su alegado despido injustificado, es decir, tendientes a exponer una reclamación bajo la Ley Núm. 80-1976, *supra*.

No obstante, según expusimos, la Ley Núm. 80-1976, *supra*, solo le faculta al empleado despedido a solicitarle **al patrono** el remedio de la mesada. En palabras del alto Foro, *uno de los requisitos esenciales para reclamar las protecciones de la Ley Núm. 80 es* **que exista una relación empleado-patrono**. *Romero v. Cabrer Roig, supra,* a la pág. 657. Por lo cual, es imperativo determinar quién es el patrono contra el cual la parte recurrida debe reclamar el remedio.

En las alegaciones de la *Demanda* el recurrido identificó como su *patrono* a Capitol Bridge y a Capitol Bridge Puerto Rico. No obstante, en la *Contestación a la demanda* la parte peticionaria afirmó que dichas entidades son jurídicamente independientes, tienen personalidad jurídica propia, y que Capitol Bridge no tiene empleados en Puerto Rico, para lo cual acompañó la debida documentación.[5] A su vez, Capitol Bridge niega ser el patrono de Melón Negrón y haberle despedido. De mayor importancia aún, en su *Contestación a demanda* **Capitol Bridge Puerto Rico expresamente admitió haber sido el patrono de la parte recurrente, y quien lo despidió**, (aunque añadiera que en su despido intervino justa causa).

Según adelantamos en la exposición de derecho, la Regla 6.2 de Procedimiento Civil, *supra*, exige que en la alegación responsiva se *admitan* o se nieguen las aseveraciones en que descansa la parte opuesta y que exponga sus defensas contra cada reclamación interpuesta, junto con una

---

[5] La referida documentación establece, en efecto, que ambas corporaciones están registradas de manera independiente. Apéndice del recurso de *certiorari*, págs. 74-75.

relación de los hechos demostrativos de que tales defensas le asisten. *Íd.* Precisamente, en nuestro ordenamiento, las admisiones del demandado en su contestación **tienen la función de relevar a la parte adversa de probar el hecho admitido o no negados, de manera que estos deben ser considerados como ciertos**. El demandante no tiene que presentar prueba sobre hechos no negados, **o admitidos en la contestación**, **y esos hechos deben ser considerados como ciertos**. (Énfasis provisto). *Díaz Ayala v. ELA,* supra; *Conde Cruz v. Resto Rodríguez,* supra. De los escritos en oposición a desestimación presentados por el recurrido ante el TPI no surge argumentos que sirvieran para vencer la admisión de Capitol Bridge Puerto Rico a efectos de ser el patrono en este caso, con exclusión de los demás codemandados.

Por lo explicado, determinamos que la admisión de la parte peticionaria a los efectos de que Capitol Bridge Puerto Rico era el patrono de la parte recurrida al momento del despido resulta suficiente en derecho para establecer tal hecho como cierto, (admisión que lo vinculará durante el resto de los procesos). De esto se sigue, además, que por virtud de la Ley 80-1976, la causa de acción por presunto despido injustificado solo puede continuar en contra del patrono, es decir, de Capitol Bridge Puerto Rico, con exclusión de los demás codemandados no patronos. *Romero v. Cabrer Roig, supra.* Por tanto, las alegaciones incluidas en la *Demanda* son insuficientes en derecho para justificar mantener a Capitol Bridge LLC como *patrono* responsable por el alegado despido injustificado, pues ya ha quedado definido quién es el *patrono* para efectos de determinar la posible responsabilidad bajo la Ley Núm. 80-1976.

Por igual razonamiento se nos impone la conclusión de que tampoco procede la reclamación por despido injustificado instada contra los demás codemandados, señores Nicholas y Fernández García. Aunque a este punto resulte repetitivo, la Ley Núm. 80-1976, *supra,* le impone la responsabilidad **al patrono** de pagar la mesada en caso de que el despido haya sido

injustificado. *Dado que la política pública implantada a través de la referida ley procura proteger a un empleado de un despido injustificado, **es necesario que entre los actores del pleito haya existido una relación obrero-patronal**.* (Énfasis provisto). *Romero v. Cabrer Roig*, a la pág. 657. Toda vez que de las alegaciones de la *Demanda* no surge que el señor Nicholas y el señor Fernández García sean *patronos* del señor Melón Negrón, (Capitol Bridge Puerto Rico alegadamente fue el que actuó a través de su agente, el supervisor del recurrido, Fernández García), no se justifica continuar la causa de acción contra estos al amparo de la Ley Núm. 80-1976, *supra*. Procede desestimar la causa de acción por despido injustificado contra toda persona que no hubiese sido su patrono.

Atendido lo anterior, valga recalcar que nuestro estado de derecho reconoce el despido sin justa causa de un empleado le faculta para solicitar únicamente el remedio de la mesada que provee la Ley Núm. 80-1976. *C.O.P.R. v. S.P.U.*, 181 DPR 299 (2011). Sin embargo, si con el despido concurren otras conductas torticeras **independientes al despido**, procede que se responsabilice al patrono a base de dichas actuaciones. (Énfasis provisto). *Mildred Siurano v. Bentley PR, Inc.*, 132 DPR 331, 342 (1992).

Consideradas las excepciones a la regla general sobre el remedio exclusivo provisto por la Ley Núm. 80-1976 al alegarse despido injustificado, contrario a lo apreciado por el foro recurrido, determinamos que de las alegaciones no surge algún hecho que podamos ubicar como conducta torticera ajena a la mera violación de una disposición de una ley de trabajo; alguna conducta patronal cuyo propósito hubiese sido subvertir una clara política pública del Estado, o remedio adicional provisto por leyes especiales, (salvando la Ley Núm. 90-2020, que discutiremos más adelante).

Por otra parte, y atendiendo la presunta causa de acción por alegados daños y perjuicios extracontractuales, ya hemos advertido que, bajo la figura de la responsabilidad vicaria, el Artículo 1540 del Código Civil de Puerto Rico de 2020, *supra,* dispone que responden **los patronos** públicos

o privados, por los daños que causen sus empleados en el servicio de las ramas en que se encuentren empleados o con ocasión de sus funciones. Juzgamos que no merece extender la discusión aquí sobre quién es el patrono para efectos de esta causa de acción. Ello responde a que, según las propias alegaciones, previo al despido, Capitol Bridge Puerto Rico actuó a través de su gerente o supervisor.

Tampoco observamos indicios de actos torticeros del patrono hacia la parte recurrida, de responsabilidad vicaria de este por los actos del señor Fernández García, o de conductas torticeras que le impartan responsabilidad personal a las demás partes aquí peticionarias. El TPI juzgó que sí cabía autorizar la continuación de dicha causa de acción bajo el razonamiento de que, según la demanda, *no se le dieron **directrices claras y concisas** al recurrido referente al camión que obstruía el área de trabajo, más un asunto sobre **cambio de tarjeta de identificación**, sumado al diagnóstico sobre el COVID 19, **siendo esta la alegada causa del cese de sus funciones**.*[6] (Énfasis provisto). Las razones que ofreció el TPI para mantener la causa de acción por alegados actos causantes de daños y perjuicios refieren a funciones de supervisión en el contexto empleado-patrono, y el daño alegado fue el *cese de funciones*, es decir, el despido del empleado por cuenta de dichos actos, lo que necesariamente nos remite al ámbito que ordena la Ley Núm. 80-1976, cuyo remedio exclusivo es la mesada, de probarse el alegado despido injustificado. Por lo tanto, concluimos que las alegaciones de la *Demanda* se encuentran huérfanas de los elementos necesarios para instar una causa de acción en daños y perjuicios válida contra Capitol Bridge Puerto Rico, Capitol Bridge LLC, el señor Nicholas y el señor Fernández García, procede la desestimación de dicha causa de acción.

---

[6] Apéndice del recurso de *certiorari*, pág. 169.

Finalmente, es necesario atender varios asuntos sobre la causa de acción por acoso laboral, instada al amparo de la Ley Núm. 90-2020. Como precisamos en el recuento procesal, inicialmente, mediante su *Resolución* de 22 de octubre de 2024, el foro primario denegó la Moción de desestimación instada por la parte peticionaria, pero refirió la causa por acoso laboral al Centro de Mediación de Conflictos de la Sala de Aguadilla del TPI.[7] Al así decidir, acogió *sub silentio* la postura según la cual, por virtud de la referida ley especial, era necesario que, antes de presentar una demanda por acoso laboral, el empleado hubiese utilizado los procedimientos y protocolos adoptados por el patrono, y si ello resultare infructuoso, entonces debía recurrir el proceso de mediación aludido. Es decir, cabe concluir que el tribunal *a quo* entendió que de las alegaciones en la *Demanda* no surgía que se hubiese cumplido con el proceso de mediación que el Art. 10 de la Ley Núm. 90-2020 ordena, antes de la presentación de la *Demanda*, y por ello ordenó su cumplimiento. Tenía razón el foro primario al actuar así, aunque luego, mediante la *Resolución* de 14 de noviembre de 2024[8] cambiara su curso decisorio, y en esto último incidió.

Partiendo del estándar que nos rige al revisar una moción de desestimación bajo la Regla 10.2 de Procedimiento Civil, *supra,* en lo referente a considerar las alegaciones contenidas en la *Demanda* de la manera más favorable, determinamos que estas contienen suficiente información en esta etapa de los procesos para permitir que se continúe dilucidando la reclamación por acoso laboral.

Sin embargo, a los únicos fines de aquilatar la moción de desestimación, también concluimos que de las alegaciones contenidas en la *Demanda* surge que: 1) se dio un proceso interno en la empresa demandada

---

[7] Apéndice del recurso de *certiorari*, pág. 171.
[8] Apéndice del recurso de *certiorari*, pág. 217.

para atender el reclamo por acoso laboral[9]; 2) pero no aconteció el proceso de mediación en el Negociado de Métodos Alternos para la Solución de Conflictos de la Rama Judicial que ordena el Art. 10 de la *Ley Núm. 90-2020, supra.* Es decir, al resultar infructuosas las gestiones ante el patrono, el Art. 10 de la Ley Núm. 90-2020 ordena que las partes sean referidas al Negociado de Métodos Alternos para la Solución de Conflictos de la Rama Judicial para beneficiarse de la mediación. En ausencia de ello, el foro primario carece de jurisdicción para atender la reclamación por acoso laboral, hasta tanto se agote el referido procedimiento.

En definitiva, procede desestimar la causa de acción por alegado acoso laboral, por falta de jurisdicción. Claro está, si efectuado el proceso de mediación este también resultare infructuoso, entonces se abriría la vía judicial para que el recurrido reclame el remedio que corresponda.

Por último, en el recurso de *certiorari* se señaló como error que el TPI determinara que la reclamación por mesada presentada por el señor Melón Negrón ya había sido admitida por la parte peticionaria en su contestación a demanda. Tiene razón, se equivocó el foro recurrido al así determinar. Leída la *Contestación a Demanda* surge que la referida *admisión* fue a los únicos efectos de que Capitol Bridge Puerto Rico: 1) era el patrono del señor Melón Negrón, y; 2) quien lo despidió. Sin embargo, en dicha moción, y a lo largo de todos sus escritos, Capitol Bridge Puerto Rico ha sostenido que el recurrido fue despedido mediando justa causa[10], en cuyo caso queda muy viva la controversia sobre si procede o no conceder la mesada reclamada por el recurrido. Como se puede apreciar, **aún queda por probarse el elemento de la alegada justa causa que intervino para el despido del señor Melón Negrón,** que es lo que lo colocaría en posición de recibir la mesada.

---

[9] No estamos adjudicando la *corrección* de dicho proceso investigativo pero, al menos para fines de lo aquí discutido, sí surge de la alegación 15 de la *Demanda* que se dio un proceso para considerar la alegación de acoso laboral, y de igual forma surge los párrafos 13, 14, 19 y 22 de la *Contestación a la Demanda*

[10] La justa causa en el despido fue incluida en la contestación a la *Demanda* como una de las defensas afirmativas. Apéndice del recurso de *certiorari*, pág. 60.

Conforme a lo expuesto, concluimos que los errores señalados por la parte peticionaria fueron cometidos, las alegaciones incluidas en la *Demanda* no establecen una reclamación plausible que justifiquen la concesión de un remedio respecto a los codemandados Capitol Bridge LLC, el señor Nicholas, o el señor Fernández García.

Por otra parte, la controversia sobre acoso laboral debe ser remitida al Negociado de Métodos Alternos para la Solución de Conflictos de la Rama Judicial, antes de ventilarse ante el foro judicial. Se continúan los procedimientos por la causa de acción por despido injustificado, Ley Núm. 80-1976, *supra*, contra Capitol Bridge Puerto Rico únicamente.

## IV. Parte dispositiva

Por los fundamentos que anteceden, los que hacemos formar parte de este dictamen, se *desestiman* las causas de acción instadas contra Capitol Bridge LLC, el señor Nicholas y el señor Fernández García. También se desestima la causa de acción por acoso laboral bajo la Ley Núm. 90-2020, *supra*, por falta de jurisdicción, toda vez que la parte recurrida no ha agotado todos los remedios administrativos disponibles. No obstante, ordenamos que este último asunto sea remitido al Negociado de Métodos Alternos para la Solución de Conflictos de la Rama Judicial. De igual forma, ordenamos la continuación de los procedimientos para dirimir la causa de acción por alegado despido injustificado, Ley Núm. 80-1976, *supra*, contra Capitol Bridge Puerto Rico.

Lo pronunció y manda el Tribunal y lo certifica su Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones